This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                          **NO. 30,032**

**ERNEST BIRD,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**Daniel Viramontes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his conviction upon a guilty plea of trafficking a controlled substance. In particular, he argues that an extension of the time for trial under Rule 5-604(C) NMRA, should not have been granted. We proposed to affirm. Defendant

has responded to our proposal. We have considered his arguments and not being persuaded, we affirm.

In our notice, we proposed to conclude that the district court had "good cause" to extend the time for trial pursuant to Rule 5-604(C). We pointed out that the State's motion included an assertion that the parties were negotiating a resolution of the charges and that Defendant's counsel stipulated to the extension. [RP 43] Three weeks after the extension was granted, Defendant opposed the extension asserting that he had not agreed to it. [RP 48] Defendant now argues that without his agreement, the only reason stated for the extension was plea negotiations. He asserts that plea negotiations are not good cause for an extension, as the Supreme Court has stated that "plea negotiations are not an excuse for a delay in the prosecution of a case." *State v. Maddox*, 2008-NMSC-062, ¶ 25, 145 N.M. 242, 195 P.3d 1254.

We are unpersuaded by Defendant's arguments for two reasons. First, *Maddox* is a speedy trial case, not a six-month rule case. Our case law is clear that the analysis is different for these two types of cases. *See State v. Manzanares*, 1996-NMSC-028, 121 N.M. 798, 918 P.2d 714; *see State v. Stefani*, 2006-NMCA-073, ¶ 18, 139 N.M. 719, 137 P.3d 659 (noting that a six-month rule issue is analytically separate from a constitutional speedy trial issue, and the two are distinct in their operation and reach). The statement made by the Supreme Court in *Maddox* was made in the context of

2

allocating reasons for the delay in bringing a case to trial. Allocation of periods of delay is part of the weighing process in determining whether a defendant's right to a speedy trial has been violated. Thus, in that connection, the Supreme Court considered that a time period during which plea negotiations are proceeding could be weighed against the State, where the delay was unreasonable. 2008-NMSC-062, ¶ 26. We decline to import this statement from a speedy trial case to a six-month rule case. *See State v. Eskridge*, 1997-NMCA-106, ¶ 11, 124 N.M. 227, 947 P.2d 502.

Second, good cause for an extension of the six-month rule has never been defined. However, in a related type of case, the Supreme Court has stated that the "totality of the circumstances" should be examined when reviewing good cause for a continuance under the Interstate Agreement on Detainers. *State v. Livernois*, 1997-NMSC-019, ¶ 26, 123 N.M. 128, 934 P.2d 1057. We use the same standard here.

In this case, the district court was told that the parties were in plea negotiations and that Defendant had agreed to an extension. Under these circumstances, we cannot say that the district court abused its discretion in concluding that there was good cause for an extension. Even if, as later asserted, Defendant had not agreed, we believe that the plea negotiations provided adequate circumstances supporting good cause. Two days after the district court granted the extension, the State requested a hearing to change the plea. [RP 46] Thus, there appears to have been agreement of the parties to

3

resolve the case without a trial around the time that an extension was requested and given. We conclude that the circumstances confirm good cause for granting an extension of time. *See Eskridge*, 1997-NMCA-106, ¶ 9 (pointing out that plea negotiations alone are insufficient to waive the six-month rule, but there are situations relating to plea negotiations that might indicate an intent to waive the six-month rule).

Defendant also argued in his docketing statement that he received ineffective assistance of counsel due to counsel's handling of the six-month rule issues. In our notice, we proposed to conclude that even if counsel's actions were incompetent, Defendant failed to establish prejudice. We pointed out that even if counsel had timely objected to the extension, the district court could have ruled as it did. Thus, we proposed to conclude that Defendant had failed to establish the prejudice prong of ineffective assistance of counsel. In response, Defendant simply argues that counsel's actions must have led to the district court's ruling. As we pointed out above, even without Defendant's approval there was good cause for the extension. We conclude that Defendant was not prejudiced by counsel's alleged shortcomings.

For the reasons stated herein and in the notice of proposed disposition, we affirm the judgment and sentence.

**IT IS SO ORDERED.**

4

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**